UNITED STATES of America,
Plaintiff–Appellee,

v.

Edison Achito CHARO, a/k/a Charlie,
Defendant–Appellant.

No. 92–6720
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Aug. 4, 1993.

Sandra K. Meadows, Mobile, AL, for defendant-appellant.

Deborah A. Griffin, Asst. U.S. Atty., Mobile, AL, for plaintiff-appellee.

Before KRAVITCH and BIRCH, Circuit Judges, and TUTTLE, Senior Circuit Judge.

PER CURIAM:

Charo appeals his sentence for conspiracy to possess with intent to distribute cocaine and money laundering.

He maintains that the district court erred in refusing to grant him a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a). He contends that he manifested acceptance of responsibility by admitting his involvement in the offense, showing remorse, and cooperating with law enforcement officials. The Government responds that the district court's finding that Charo had not accepted responsibility for the offense conduct was not clearly erroneous.

 The sentencing court's determination that a defendant is not entitled to a reduction for acceptance of responsibility is entitled to great deference and will not be overturned unless it is clearly erroneous. *United States v. Spraggins,* 868 F.2d 1541, 1543 (11th Cir. 1989). Section 3E1.1(a) requires a sentencing court to reduce the offense level by two levels "if the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct." In determining whether defendant qualifies for an acceptance of responsibility

adjustment, the sentencing court may consider whether the defendant made a "voluntary and truthful admission to authorities of involvement in the offense and related conduct." U.S.S.G. § 3E1.1, comment. (n. 1(c)).

 Charo pleaded guilty to one count of conspiracy to possess with intent to distribute cocaine base and one count of money laundering. At the change of plea hearing, he admitted that from June through October of 1981, he transported cocaine base from Houston, Texas to Mobile, Alabama on several occasions. He further admitted that he transported approximately one-half a kilogram at a time. Charo told the probation officer that he transported approximately one and one-half kilograms of cocaine base on four occasions. Thus, the probation officer estimated that he transported four kilograms of cocaine base. At sentencing, he admitted to transporting a total of one and one-half kilograms of cocaine base. Charo's statement was not a truthful admission and did not show a clear acceptance of responsibility. The court, therefore, did not err in declining to grant a two-level reduction.

The sentence and judgment are AFFIRMED.